UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STONE INDUSTRY RECYCLING , INC.,
d/b/a WATER TREATMENT TECHNOLOGIES,
a New Hampshire Corporation and PKP
REVOCABLE TRUST,

    Plaintiffs,

    v.                          Case No. 05-C-1033

BECKART ENVIRONMENTAL, INC.,
a Wisconsin Corporation,

    Defendant.

## DECISION AND ORDER

The plaintiffs, Stone Industry Recycling, Inc., d/b/a Water Treatment Technologies (Water Treatment Technologies) and PKP Revocable Trust (PKP), filed this action on September 27, 2005, pursuant to the patent laws of the United States, 35 U.S.C. § 1, et seq. and, in particular, 35 U.S.C. § 271. The plaintiffs allege that the defendant infringed on U.S. Patent No. 6,896,818 ('818 Patent) which is owned by plaintiff PKP by assignment from inventors Ross E. Perry and Paula K. Perry. Plaintiff Water Treatment Technologies has the exclusive license to the '818 Patent.

On August 1, 2007, the defendant filed a motion for summary judgment. (Docket # 34). The parties have briefed the motion and it will be addressed herein.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United

States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

## MOTION FOR SUMMARY JUDGMENT

### Summary Judgment Standard

Summary judgment is available in patent cases the same as in other cases. Becton Dickinson & Co. v. C.R. Bard, Inc., 922 F.2d 792, 796 (Fed. Cir. 1990). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). "Material facts" are those facts that under the applicable substantive law "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material facts" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The burden of showing the needlessness of a trial – (1) the absence of a genuine issue of material fact; and (2) an entitlement to judgment as a matter of law – is upon the movant.

In determining whether a genuine issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. Anderson, 477 U.S. at 267; see also, Celotex Corp., 477 U.S. at 324 ("proper" summary judgment motion may be "opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves . . ."); Fed. R. Civ. P. 56(e). The evidence relied upon in a motion for summary judgment must

be of a kind that would be admissible at trial. See Waldridge v. American Hoechst Corp., 24 F.3d 918, 921 n.2 (7th Cir. 1994) (citing Gustovich v. AT & T Communications, Inc., 972 F. 2d 845, 849 [7th Cir. 1992]; Fed. R. Civ. P. 56 [e]).

Before setting out the relevant facts which are based upon consideration of the parties' submissions, the court notes that Civil L.R. 56.2 (E.D. Wis.) sets forth additional requirements for motions for summary judgment. The court of appeals for this circuit has "repeatedly upheld the strict enforcement of the requirements of district court local rules." See Waldridge, 24 F.3d at 921.

Civil Local Rule 56.2(a) provides that a motion for summary judgment must include either:

> (1) a stipulation of facts between the parties, or (2) the movant's proposed findings of fact supported by specific citations to evidentiary materials in the record (e.g., pleadings, affidavits, depositions, interrogatory answers, or admissions), or (3) a combination of (1) and (2).

Similarly, Civil L.R. 56.2(b)(1) provides that any response to a motion for summary judgment "must include:"

> A specific response to the movant's proposed findings of fact, clearly delineating only those findings to which it is asserted that a genuine issue of material fact exists. The response must refer to the contested finding by paragraph number and must include specific citations to evidentiary materials in the record which support the claim that a dispute exists.

To the extent a party has not provided evidentiary support for its opposition to a particular proposed finding of fact, such party has not raised an arguable factual dispute. The court also notes that Civil L.R. 56.2(e) provides that the court must conclude that there is no genuine material issue as to any proposed finding of fact to which no response is set out.

At the outset, the court notes that although the defendant filed proposed findings of fact in numbered paragraphs, the defendant did not support those findings "by specific citations

to evidentiary materials in the record" as required by Civil L.R. 56.2. The plaintiffs responded to the defendant's proposed findings of fact and noted objections to some of the proposed findings with citations to the evidentiary material in the record. The plaintiffs did not file their own proposed findings fact.

## **Relevant Undisputed Facts**[1]

Compliance Systems, Inc. (Compliance Systems) was formed in 1992 and Ross Perry, co-inventor of the '818 patent, was a part owner of Compliance Systems. During the time from approximately 1992 to approximately 2002, Compliance Systems manufactured and sold water recycling equipment.

In 2002, Water Treatment Technologies was founded by Paula Perry, co-inventor of the '818 patent. Water Treatment Technologies took on a number of Compliance Systems' customers or potential customers.

Defendant Beckart Environmental, Inc. (Beckart) is alleged to have directly infringed the '818 patent. Beckart has stipulated that "if the claims of the '818 patent are valid that they should read on the Beckart systems that are reflected in Exhibit 2.." (Deposition of Thomas Fedrigon [Fedrigon Dep.] at 62: 7-10.

The proposed systems included a collection of waste water and indicated that this grey water could be drawn from the collection point and directed to a filter press which would create clear water. The resulting clear water would then be stored and delivered back to tools requiring clear water. A separate line was provided that would draw grey water off the storage tank and deliver the grey water to tools that did not require clear water.

---

[1]The relevant facts are taken from the defendant's proposed findings of fact which were not disputed by the plaintiffs. None of the disputed facts are included in the relevant facts. The plaintiffs did not file their own proposed findings of fact. Citations to sources of quoted excerpts have been included even when those excerpts are undisputed.

Claim 1 of the '818 patent calls for the following elements:

(a) a waste water storage tank connected to the discharge ports of the grey water equipment and the crystal clear water equipment;

(b) a grey water supply loop that includes a pump connected to the storage tank for pumping waste water from the waste water storage tank as grey water and providing that water to the grey water tools;

(c) a crystal clear water loop having an air pump for pumping waste water from the waste water storage tank, a high pressure filter connected to the pump for filtering particulate matter from the waste water to convert the waste water into crystal clear water; a crystal clear water storage tank connected from the discharge passage of the high pressure filter and finally, a crystal clear water supply pump for pumping water from the storage tank to the input port of the crystal clear water tools.

Claim 2 of the '818 patent further calls for a sterilization device for sterilizing the crystal clear water. Such a sterilization device also is called for at page 2 of the B. Shea, Inc., (B. Shea) proposal.

Claim 3 of the '818 patent calls for a plurality of float switches. (The parties dispute where the float switches are mounted.).

Claim 4 of the '818 patent describes in detail the high pressure filter or filter press utilized in the patented invention. The B. Shea proposal calls for a high pressure filtration system on page 2 of the proposal. Compliance Systems was utilizing filter presses in water treatment systems as early as 1995.

Claims 5 and 6 of the '818 patent are dependent upon claim 4.

The B. Shea proposal was not an isolated incident. Similar proposals were made to at least four other customers.

## Analysis

A patent is presumed to be valid. 35 U.S.C. § 282. Thus, the party attacking the validity of a patent must establish by clear and convincing evidence that an issued patent is invalid. Netscape Communs. Corp. v. Konrad, 295 F.3d 1315, 1320 (Fed. Cir. 2002). In this case, the defendant asserts that the '818 patent is invalid because it was in public use or on sale in violation of 35 U.S.C. § 102(b). The plaintiffs dispute this assertion.

Section 102(b) provides: "A person shall be entitled to a patent unless . . . the invention was . . . in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." 35 U.S.C. § 102(b). The date exactly one year prior to the date of application for the patent is known as the critical date. In this case, since the patent application was filed on August 28, 2003, the critical date is August 28, 2002.[2] The determination of whether an invention was on sale or a public use within the meaning of § 102 is a question of law. Scaltech, Inc. v. Retec/Tetra, L.L.C., 269 F.3d 1321 (Fed. Cir. 2001).

For a patent to be subject to the "on sale bar" of § 102(b), two conditions must be satisfied. Pfaff v. Wells Electronics, Inc., 525 U.S. 55, 67 (1998). "First, the product must be the subject of a commercial offer for sale" before the critical date. Id. "Second, the invention must be ready for patenting." Id. An invention is "ready for patenting" if it was of reduced to practice before the critical date or if, prior to the critical date, "the inventor had prepared drawings or other descriptions of the invention that were sufficiently specific to enable a person skilled in the art to practice the invention." Id. at 67-68.

---

[2]The date of the filing of the application was not included in the defendant's findings of fact. A copy of U.S. Patent No. 6,896,818, which includes the filing date, is attached as Exhibit 1 to the complaint.

With respect to the first part of the test, the defendant has not established that the product was the subject of a commercial offer for sale.[3] The plaintiffs dispute the defendant's "facts" that "[t]he patented system was offered for sale by Compliance System on April 16, 2002" and that "[b]y or before April 16, 2002, Compliance Systems offered and/or sold the system claimed in the '818 patent." (See Defendant's Proposed Findings of Fact at ¶¶ 6 and 20); see also, Plaintiffs' Response to Defendant's Proposed Findings of Fact, ¶¶ 6 and 20. Because the defendant did not support its proposed findings of fact by citations to evidentiary materials in the record as required by Civil L.R. 56.2(a), all of the defendant's proposed findings of fact which were disputed by the plaintiffs are deemed to be disputed and, therefore, are not included in the relevant undisputed facts. The plaintiffs did not file their own proposed findings of fact. Accordingly, the undisputed facts before the court fail to establish or negate that the product described in the '818 patent was the subject of a commercial offer for sale.

Moreover, even if the court were to consider the defendant's exhibits in determining the relevant undisputed facts, they do not establish that the product was the subject of a commercial offer for sale. Exhibit D to the defendant's moving brief apparently is a proposal for environmental recycling equipment which the defendant asserts is sufficiently similar to the subject of the '818 patent. However, whether it is such is a disputed issue of fact.

With respect to the second part of the test, namely, that the invention must be ready for patenting, the defendant contends that the claimed invention of the '818 patent was reduced to practice prior to the critical date. The defendant further contends that the patent's reduction to practice is evidenced "by offers for sale, the sales to and/or uses by Compliance Systems' customers." (Defendant's Memorandum in Support of Summary Judgment

---

[3]Neither party specifically addresses this part of the test.

[Defendant's Memorandum] at 6). The defendant additionally asserts that "numerous drawings existed during a period prior to the critical date. Such prior art sales met each of the limitations of the claims alleged to be infringed . . . and thus was an embodiment of the claimed invention." Id.

In response, the plaintiffs contend that the patented invention was not "ready for patenting" until well after the August 28, 2002, critical date. Specifically, the plaintiff maintains that while the subject of the '818 patent was in development, it was not completely developed. The plaintiff further asserts that the concept drawing relied upon by the defendant does not establish that the invention claimed in the '818 patent was "ready for patenting." In particular, the plaintiff asserts that the concept drawing was not an enabling disclosure.

The undisputed facts of this case do not establish that the patent was reduced to practice prior to the critical date. Offers for sale or sales do not necessarily establish a reduction to practice. See, e.g., Chemical Separation Tech., Inc. v. United States, 45 Fed. Cl. 513, 518 n.9 (Ct. Cl. 1999). Moreover, as previously discussed, the defendant failed to establish that the invention claimed in the '818 patent was the subject of any offer for sale or sale. Additionally, the record is devoid of any evidence that the subject of the '818 patent was used prior to the critical date. In fact, Ross Perry averred that he "was unaware of anyone building a system of either the concept drawing design or using the design of the '818 Patent, until we built a system incorporating my patented design in October 2002 for a customer named Barre Tile." (Declaration of Ross Perry in Opposition to Defendant's Motion for Summary Judgment [Perry Declaration] ¶ 6).[4]

---

[4] Mr. Perry's statement in his declaration has not been presented as a proposed finding of fact by the plaintiff and, therefore, it is not an undisputed fact.

The undisputed facts of this case also fail to establish that prior to the critical date, "the inventor had prepared drawings or other descriptions of the invention that were sufficiently specific to enable a person skilled in the art to practice the invention." See Pfaff, 525 U.S. at 67-68. In fact, although the defendant's proposed findings of fact reference the B. Shea proposal, they do not specifically discuss the drawing attached to the proposal. Neither the fact that there was a proposal, nor the fact that the proposal contained a drawing is an undisputed fact in this case. Accordingly, it is not necessary to discuss the plaintiffs' assertion that the drawing attached to the proposal does not establish that the invention was "ready for patenting."

In addition to asserting that the invention was on sale prior to the critical date, the defendant asserts that the invention was in public use prior to the critical date. Public use includes "'any use of [the claimed] invention by a person other than the inventor who is under no limitation, restriction or obligation of secrecy to the inventor.'" Netscape, 295 F.3d at 1320 (quoting Petrolite Corp. v. Baker Hughes Inc., 96 F.3d 1423, 1425 [Fed. Cir. 1996]). As noted, the record before the court is devoid of any evidence that the subject of the '818 patent was in any use prior to the critical date. Accordingly, the undisputed facts failed to establish that the invention was in public use prior to the critical date.

Therefore, for the reasons stated herein, the defendant's motion for summary judgment will be denied. Moreover, the undisputed facts of this case do not support an entry of partial summary judgment for the plaintiffs, as requested in their response brief.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion for summary judgment be and hereby is **denied** (Docket # 34).

**IT IS FURTHER ORDERED** that a the court will conduct a status conference with the parties on **Wednesday, April 16, 2008**, at 2:00 p.m. in Room 282, United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin 53202.

Dated at Milwaukee, Wisconsin this 21st day of March, 2008.

BY THE COURT:

<u>s/ Patricia J. Gorence</u>
PATRICIA J. GORENCE
United States Magistrate Judge
